## In re ASHLEY L.

### No. 96–480–Appeal.

Supreme Court of Rhode Island.

Oct. 23, 1998.

Thomas J. Corrigan, Jr., Providence.

David M. Lynch, pro se.

### ORDER

This case came before the Supreme Court on October 5, 1998, pursuant to an order directing the respondent-father, David M. Lynch, to appear and show cause why the issues raised in his appeal should not be summarily decided. The respondent has appealed *pro se* from the entry of a finding of neglect in respect to his daughter Ashley.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

Following the filing of a neglect petition by the R.I. Department of Children, Youth, and Families (DCYF) regarding Ashley L. (born March 28, 1992), the child was placed in temporary custody of DCYF on June 28, 1994, with discretion as to placement. She was placed with respondent on or about August 15, 1994, but later was removed from respondent's care and placed in non-relative foster care.

The neglect petition against respondent was heard in Family Court on September 26, 1995, and resulted in a finding that respondent failed to provide the child with a minimum degree of care, supervision or guardianship and that the child was without proper parental care and supervision because respondent was incarcerated. The court then awarded custody to DCYF.

The respondent has appealed the finding of neglect on several grounds including that the trial justice's finding of neglect as to respondent was insufficient, that respondent was denied a trial by jury, that the court failed to appoint counsel to represent respondent, and that DCYF failed to notify respondent of several hearings in this case.

The respondent did receive notice of and was present at a hearing on June 25, 1996, at which the Family Court addressed the question of whether respondent had timely filed an appeal of the finding of neglect. The hearing justice reviewed the record and found that respondent's good faith effort to appeal was not processed due, in part, to the "clerk's office not doing what they should have done." The judge then attempted to remedy this situation by "giving [respondent] 20 days in order to process this appeal."[1] The respondent, however, failed to meet the deadline.

It is well-settled that the factual findings of a trial justice "will not be disturbed unless they are clearly wrong or unless the justice overlooked or misconceived material evidence." *In re Kristina L.*, 520 A.2d 574, 580 (R.I.1987). In this case there was ample evidence to support the court's finding of neglect on the part of respondent. A DCYF social caseworker testified that she had difficulty maintaining contact with the child while the child was in respondent's custody, and she had concerns about leaving Ashley in respondent's care because of his history of drug use and his criminal history, including several charges of sexual assault. Moreover, in November of 1994, respondent was sentenced to a lengthy prison term. At oral argument, it was disclosed that respondent would not be released before the year 2013 at which time Ashley would no longer be a minor.

The respondent has also claimed error on the ground that counsel was not appointed to represent him. Under the circumstances of respondent's extended incarceration, counsel could not have affected the outcome of the finding of neglect.

1. We do not address the propriety of this action.

We have examined the additional issues raised by respondent and conclude that they are without merit.

In conclusion, therefore, we deny and dismiss this appeal and remand the papers in the case to the Family Court.